**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NSRIT N. OSMAN,**  <br><br>　　　　**Plaintiff,**  <br><br>v.  <br><br>**CITY OF JERSEY CITY; NICHOLAS A. WILLIAMS,** *et al.***,**  <br><br>　　　　**Defendants.** | Civil Action No. 21-14597 (MCA) (JSA)  <br><br>**REPORT AND RECOMMENDATION** |

**JESSICA S. ALLEN, U.S.M.J.**

This matter comes before the Court upon the motion of Plaintiff Nsrit N. Osman ("Plaintiff") to remand this case to the Superior Court of New Jersey. (ECF No. 2). The Honorable Madeline Cox Arleo, U.S.D.J. referred this motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, and for good cause shown, it is respectfully recommended that Plaintiff's motion to remand be **DENIED**.

**I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

This action arises from an accident that occurred during an alleged high speed police pursuit. In her Complaint, Plaintiff alleges that on July 22, 2019, she was in the crosswalk at the intersection of Westside Avenue and Fairview Avenue in the City of Jersey City. (Compl., ¶ 1; First Count).[1] At the same time, Defendant Nicholas Williams ("Williams") was driving northbound on Westside Avenue. (*Id.* at ¶ 3; First Count). According to the Complaint, officers

---

[1] The state court complaint has six individual counts. (*See* ECF No. 1). Each individual count renumbers the allegations starting at 1. (*Id.*) Therefore, the Court cites to both the count and paragraph herein.

of the Jersey City Police Department observed Williams commit a "summary traffic offense" and began a high-speed pursuit of Williams without activating their sirens. (*Id.* at ¶¶ 4-5; Second Count). As the chase reached the intersection, Williams struck Plaintiff in the crosswalk. (*Id.* at ¶ 3; First Count). EMS personnel transported Plaintiff to Jersey City Medical Center where she was treated in the ICU for her sustained injuries. (*Id.* at ¶¶ 13-14). Plaintiff alleges that she suffered serious, severe, and disabling injuries that require ongoing treatment. (*Id.* at ¶ 21).

On or about June 25, 2021, Plaintiff filed the Complaint in New Jersey Superior Court, Hudson County, against: (1) Defendants Nicholas and Denisha Williams ("Williams defendants"), for negligence (First Count); (2) Defendant City of Jersey City ("the City") for violation of 42 U.S.C. § 1983 (Third Count) and a section 1983 constitutional liability claim pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978), alleging the City has a history of engaging in unauthorized, high speed vehicle pursuits resulting in the violation of citizens' constitutional rights (Fourth Count); and (3) Defendant New Jersey Property-Liability Insurance Guaranty Association ("the PLIGA"), alleging that Plaintiff is entitled to coverage for payment of personal injury protection benefits, uninsured motorist benefits, and payment for bodily injuries because the Williams defendants were uninsured (Fifth Count).[2]

On August 4, 2021, the City removed the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331, asserting that Plaintiff's section 1983 claims arise under federal law. (Notice of Removal (at times, "NOR") ¶¶ 1, 2, 4-5). In its removal petition, the City also claims that "it is the only defendant that has been properly served with a Summons and Complaint in this action." (NOR, ¶ 6).

---

[2] Plaintiff also has sued unnamed Jersey City Police Officers; the "Chief of Police"; the "Director of Police;" and various John and Jane Does. (*See* Complaint attached to NOR, ECF No. 1).

On September 8, 2021, thirty-five days after the removal petition was filed, Plaintiff filed a motion to remand.³ In support of remand, Plaintiff contends that the City's removal is procedurally improper because the City did not obtain the consent of the other five defendants before removal as required by 28 U.S.C. § 1446(b)(2)(A). (ECF No. 2). Plaintiff notes that the City's removal petition mistakenly references subsection (b) of 28 U.S.C. §1441, which concerns civil actions removable based solely on diversity of citizenship, rather than subsection (a) which governs removal based on original jurisdiction (i.e., federal question or diversity jurisdiction). (ECF No. 2, ¶¶ 4-6). Plaintiff further asserts that where, as here, a removal is based on section 1441(a), all defendants must join in or consent to the removal pursuant to 28 U.S.C. § 1446(b)(2)(A). (*Id.* at ¶ 7). Plaintiff contends the City's removal is improper, and thus remand is proper, because the City did not first obtain the consent of the other five defendants in this action. (*Id.* at ¶ 9).⁴ As the Court finds that Plaintiff's remand motion is untimely, the Court does not

---

³ Plaintiff's "motion" does not comply with Local Civil Rule 7.1, governing the requisite papers that must be filed in support of any motion. Rule 7.1 specifically requires that all motions include a notice of motion, supporting brief, and proposed form of order. *See* L. Civ. R. 7.1(b)(1), (d)(1), (e). "In lieu of filing any brief" pursuant to Rule 7.1(d), a party may file a statement that a brief is not necessary. *See* L. Civ. R. 7.1(d)(4). Without these required papers, Plaintiff's remand motion is procedurally defective and may be denied on this independent basis. *See Briggs v. Becker*, 2019 U.S. Dist. LEXIS 173272, at *1 (D.N.J. Sept. 30, 2019) (denying request for relief that did not, *inter alia*, comply with Local Civil Rule 7.1); s*ee also In Bounasissi v. New York Life Ins.*, 2016 U.S. Dist. LEXIS 28010 (D.N.J. Mar. 4, 2016). Nevertheless, the Court will consider the motion. Counsel is reminded though that the local court rules are mandatory and must be followed in all future filings.

⁴ As an aside, the Court notes that Plaintiff does <u>not</u> contend that (1) the case should be remanded because the City erroneously cited the wrong subsection of 28 U.S.C. § 1441 in its Notice of Removal; or (2) that the Court lacks subject matter jurisdiction over the case. Even if she had raised such contentions in support of remand, Plaintiff would not prevail. First, a notice of removal need only include a short and plain statement of the grounds for removal. The removing party's citation to the wrong provision of section 1441 does not render removal improper or otherwise deficient. *See Griffin v. City of Newark*, 2021 WL 6061661, at *2-3 (D.N.J. Dec. 21, 2021) (determining that a removing party citing to § 1441(b) instead of § 1441(a) is not a valid basis to remand). Second, in its removal petition, the City stated that removal was proper based on original jurisdiction under section 1331 as the Complaint undisputedly asserts federal section 1983 claims (NOR ¶ 4, ECF No. 1). Thus, it is not disputed that the Court has federal subject matter jurisdiction over this case. *See DiBella v. Boro of Beachwood*, 407 F.3d 599, 601 ("The District Court had federal question jurisdiction over plaintiffs' civil rights claim asserted under 42 U.S.C. § 1983.").

reach the merits of Plaintiff's argument in support of remand.

## II.     ANALYSIS

The federal removal statute states that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To properly remove a case from state court to federal court, a notice of removal must be filed in the federal court within thirty days after receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). In addition, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

The well-established requirement that all defendants are required to join in the notice of removal is referred to as "the rule of unanimity." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). The rule of unanimity requires that all defendants "join in the notice of removal or give their consent within the thirty-day period for the removal to be proper." *New York Reg'l Rail Corp. v. Bridges*, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006). There are three exceptions to the rule of unanimity: (1) when the non-joining defendant or defendants are unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time of removal. *Balazik*, 44 F.3d at 213 n.4.

Failure of all defendants to join in a notice of removal is a procedural, not jurisdictional, defect. *See Balazik,* 44 F.3d at 213. A motion to remand based on "*any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)*." 28 U.S.C. § 1447(c) (emphasis added). *See Air-Shields, Inc. v. Fullam*,

891 F.2d 63, 65 (3d Cir. 1989) (finding that "under the revised 28 U.S.C. § 1447(c), the district court could only remand within 30 days of the filing of notice to remove for procedural defects."). As subsection (c) of section 1447 makes clear, unlike a jurisdictional defect which cannot be waived, procedural defects in the removal process *must* be raised by the party seeking to remand within 30 days.  *See* 28 U.S.C. § 1447(c).  Failure to file a motion to remand based on a procedural defect within 30 days results in waiver of any objection to the removal process.  *See Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010); *see also Perea v. Benjamin H. Realty Corp.*, 2016 U.S. Dist. LEXIS 138448, at *6-8 (D.N.J. Oct. 4, 2016) (McNulty, J.) (noting that remand motion "based on a defect in the removal procedure must be brought timely, or the objection is waived.").

Here, in support of remand, Plaintiff acknowledges that her motion is based on a procedural defect (i.e., failure of all properly joined and served defendants to consent to removal) rather than a jurisdictional one.  (ECF No. 2 at ¶ 9).  Accordingly, Plaintiff was required to file the motion to remand within 30 days after the City filed the notice of removal under section 1446(a).  *See* 28 U.S.C. § 1447(c).  However, Plaintiff failed to comply with that mandatory deadline. The City filed its Notice of Removal on August 4, 2021.  Plaintiff's remand motion was not filed until September 8, 2021, more than 30 days after the filing of the notice of removal.  As such, Plaintiff has waived any objection.  Plaintiff's failure to comply with the mandatory 30-day time limit renders her motion untimely and necessitates denial on that basis.  *See Air–Shields, Inc.,* 891 F.2d at 66 ("By remanding the case for procedural defects after the thirty-day limit imposed by... Section 1447(c) had expired, the district court 'exceeded [its] statutorily defined power.'") (internal quotations omitted). Motions to remand filed <u>one day</u> after the thirty-day deadline have been denied as untimely. S*ee, e,g.*, *Perea,* 2016 U.S. Dist. LEXIS 138448, at * 9-10 (collecting cases); *City of Asbury Park v. Star Ins. Co.*, 2018 WL 1469056, at *3-4 (D.N.J. Mar. 26, 2018)

5

(Martinotti, J.) (procedural defect waived when raised one day late); *Brown v. Modell's PA, Inc.* 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008) (noting that "a district court cannot consider and grant a motion for remand based on a procedural defect if the motion was filed after the thirty-day period" and denying motion to remand filed on 31st day).

### III.   CONCLUSION

For the reasons set forth above, it is respectfully recommended that the motion to remand be **DENIED**. The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Madeline C. Arleo, U.S.D.J.

**Dated: January 28, 2022**

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc:   Hon. Madeline C. Arleo, U.S.D.J.